IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAWN MARIE BALL, | : | CIVIL NO. 1:CV-11-1422 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| LT. HUMMEL, et al., | : | |
| Defendants | : | |

## MEMORANDUM

Dawn Marie Ball ("Ball"), an inmate at the State Correctional Institution at Muncy, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983. Listed as Defendants in the caption of the complaint are sixteen (16) individuals, all of whom appear to be officials and employees at SCI-Muncy. (Doc. No. 1, Compl.) In the body of the complaint, additional SCI-Muncy employees are also referenced who are not listed in the caption of the complaint, but are also referred to as Defendants. Ball requests leave to proceed in forma pauperis in this matter.[1] Obligatory preliminary screening reveals that the complaint contains deficiencies which preclude service in its present form.[2] Consequently, plaintiff will be directed to file an amended pleading

---

[1] Ball completed this Court's form application for leave to proceed in forma pauperis and authorization form. An Administrative Order was thereafter issued on August 4, 2011 (Doc. No. 6), directing the Superintendent at SCI-Muncy to commence deducting the full filing fee from Ball's prison trust fund account.

[2] Section 1915(e)(2) of Title 28 of the United States Code provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that - (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

in this action.

I.     **Allegations of the Complaint**

In the complaint as filed, Ball sets forth numerous claims against many individuals. The first group of claims center around Ball's allegations that various Defendants blackmailed her with respect to manila envelopes and indigent supplies she had purchased. Ball was told these items would be taken and destroyed unless she did a cell check inspection on July 2, 2011. She further claims that she was threatened by several of the Defendants with placement in a strip cell if she did not do the cell inspection. Although Ball claims she participated in the cell check, she alleges that she received a write up and was later denied due process with respect thereto. She also claims that in or around August of 2010, she was placed in a strip cell by Defendant Sipe for refusing a cell inspection, and was confined there for about a week without even a mattress. Ball also alleges that she was denied a sheet, blanket and sanitary pads, but it is unclear when this conduct occurred.

There are other allegations in the complaint related to an incident on July 6, 2011, where other Defendants told Ball she had to attend a hearing wearing only a t-shirt and panties. On the same date, Ball maintains that Defendant Kerns-Barr denied her due process rights with respect to Misconducts #B338508, #B119566 and #B119567. According to Ball, Defendants Kerns-Barr and Sipe told Defendants Frey and Wolfe that Ball was only allowed to wear a t-shirt and panties to her hearing. Ball requested that the hearing be postponed until she got clothes because it is against policy for an inmate to leave their cell unless they are properly dressed. Her requests were refused.

Other claims in the complaint include the denial of supplies, medications and a breakfast tray by Defendant McElroy on July 9, 2011, and the stealing of Ball's legal mail in June of 2011 by Defendants Sisley, Powley and Peterson and by Peterson during the months of April through June of 2011.

Ball also sets forth claims against Defendant Edwards for confiscating legal mail addressed to a Magistrate Judge on July 6, 2011.  She also appears to raise claims against Chaplain Reitz arising from June 2011 through July 2011, however it is unclear as to exactly what constitutional rights were violated.  Finally, Ball raises a general claim against all Defendants of  discrimination.  She seeks declaratory, injunctive, compensatory and punitive relief.

**I.      Discussion**

Fed. R. Civ. P. 20, states, in pertinent part, the following:

> (A) Permissive Joinder.  "All persons may ... be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.  A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded.  Judgment may be given against ... one or more of the defendants according to their respective abilities.

Fed. R. Civ. P. 20(a).  Although Rule 20 is a flexible rule that allows fairness and judicial economy, the rule only permits "joinder in a single action of all persons asserting, or defending against, a joint, several, or alternative right to relief that arises out of the same transaction or occurrence and presents a common question of law or fact." 7 Charles Allen Wright, Arthur Miller & Mary Kay Kane, Federal Practice and Procedure §1652 at 371-72 (1986).  "Permissive

joinder is not, however, applicable in all cases.  The rule imposes two specific requisites to the joinder of parties: (1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrences; and (2) some question of law or fact common to all the parties must arise in the action." Mosley v. General Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974).

As submitted, it is clear that Plaintiff's complaint is in violation of Rule 20.  Plaintiff asserts claims that appear to be unrelated, and that do not appear to arise out of the same transaction or occurrence or series of transactions or occurrences.  Moreover, it does not appear that the claims all involve an issue of law or fact common to all defendants.  It is clear at least some of the issues involve completely separate incidents and different Defendants.  For example, Plaintiff seeks to litigate the issues related to the cell check inspections, as well as instances of confiscation of legal mail.

Based on the foregoing, it is clear that the instant complaint has procedural deficiencies.  However, in the interests of justice to this pro se litigant, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), Ball will be granted an opportunity to file an amended complaint in this action attempting to state an actionable § 1983 claim against a properly named defendant or defendants in accordance with the above principles.  She will be afforded fourteen (14) days within which to do so.  She is advised that the "amended complaint must be complete in all respects.  It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).

Further, Ball is strictly cautioned that the amended complaint must comply with Rule 20 and involve only related claims or parties.  The Prison Litigation Reform Act of 1995 ("PLRA"),

which substantially changed the judicial treatment of civil rights actions by state and federal prisoners, also compels Ball's compliance with Rule 20. Specifically, under the PLRA the full filing fee must ultimately be paid in a non-habeas action. Allowing a prisoner to include a host of separate, independent claims, would circumvent the filing fee requirements of the PLRA.

    An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAWN MARIE BALL,** | : | **CIVIL NO. 1:CV-11-1422** |
| **Plaintiff,** | : | |
| | : | **(Chief Judge Kane)** |
| v. | : | |
| | : | |
| **LT. HUMMEL, et al.,** | : | |
| **Defendants** | : | |

**ORDER**

**AND NOW**, this 2nd day of September, 2011, upon consideration of Plaintiff's complaint (Doc. No. 1), **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motion to proceed <u>in forma pauperis</u> (Doc. No. 2) is construed to be a motion to proceed without full prepayment of the filing fee and is **granted**.

2. Plaintiff shall file an amended complaint within fourteen (14) days from the date of this order in accordance with the attached Memorandum. The amended complaint shall carry the same civil docket number (1:11-CV-1422) presently assigned to this matter. The Clerk of Court shall forward to Plaintiff a § 1983 civil rights form complaint for her use in filing the amended complaint.

3. The amended complaint must comply with Fed. R. Civ. P. 8 and Fed. R. Civ. P. 20. Should Plaintiff file an amended complaint which complies with Rule 8, but fails to comply with Fed. R. Civ. P. 20(a), the Court will dismiss all but the first count of the amended complaint.

S/ Yvette Kane
YVETTE KANE, Chief Judge
Middle District of Pennsylvania